UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT NIEKAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:23-CV-170-SNLJ |
| | ) |
| JOHN D. STORY, as Trustee of The John D. | ) |
| Story Living Trust Dated 7-8-1999, as | ) |
| Amended, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Scott Niekamp filed this declaratory judgment action against defendant John D. Story, as Trustee of the John D. Story Living Trust Dated 7-8-1999, as amended. Plaintiff has moved for a preliminary and permanent injunction [Doc. 12]. Defendant has moved to dismiss for lack of subject matter jurisdiction [Doc. 23].

**I.      Factual Background and Procedural History**

This matter's procedural history is somewhat complicated. According to the complaint in this matter, defendant Story became a client of Northwestern Mutual Investment Services ("NMIS") in 2013.  Plaintiff Niekamp was at the time a representative and agent of NMIS.  In 2018, Story filed a petition for damages and accounting with the Circuit Court of Mississippi County, Missouri against Niekamp and certain other third parties (the "Missouri Action") related to alleged misrepresentations in their representation of Story. Niekamp and the other defendants in the Missouri Action moved to dismiss or stay the Missouri Action and compel arbitration.  The Missouri court

1

granted the motion and ordered the matter to arbitration on October 31, 2018.  So Story filed a Demand for arbitration regarding the matter in February 2019 with the American Arbitration Association ("AAA").  Then, Niekamp filed a motion for temporary restraining order, permanent injunction, and for a finding of contempt against Story because Niekamp believed that AAA was the incorrect arbitration forum for the dispute.  The Missouri court denied the injunction motion, and the parties proceeded to arbitration before AAA.

While the matter was pending before the AAA, in March 2021, Story filed a Statement of Claims ("SOC") against Niekamp and others with FINRA Dispute Resolution. "FINRA" stands for the Financial Industry Regulatory Authority, which "is a private, self-regulatory organization, that operates as a national securities association registered with the Securities and Exchange Commission."  *Wagner v. Brokers Int'l Fin. Servs., LLC*, No. 1:21-CV-01787-JPH-MG, 2022 WL 715457, at *1 (S.D. Ind. Mar. 9, 2022) (internal quotation omitted).  Story's SOC before FINRA Dispute Resolution alleged nearly identical causes of action against Niekamp as Story had alleged in the Demand before the AAA.

A final hearing in the AAA Action was held November 10-12, 2021.  The arbitrator issued an award in favor of Niekamp and the other respondents and against Story on December 27, 2021.  Niekamp then filed a petition and application to confirm the Arbitration Award with the Circuit Court of Mississippi County in the same Missouri Action that Story had originally filed.  Story did not oppose the petition or application, and the Missouri court entered judgment confirming the Award on March 3, 2022.

The day before, on March 2, 2022, Niekamp filed a motion to dismiss Story's claims before FINRA. But shortly afterward, Story appealed the AAA judgment with the Missouri Court of Appeals. The FINRA panel denied Niekamp's motion to dismiss without prejudice in July 2022 because Story's appeal of the AAA judgment was still pending.

Story voluntarily dismissed his appeal of the AAA judgment in September 2022, making the AAA judgment final and unappealable. Niekamp then filed a renewed motion to dismiss and motion for sanctions with FINRA on November 2, 2022. The parties attended a "pre-hearing" on the renewed motion to dismiss on January 25, 2023. Story alleged there existed a suitability claim that he had been unable to bring in the AAA action. To bring such a claim, Story was required to show that a "client customer" and "broker or financial advisor" relationship existed. During the pre-hearing, the FINRA chairman noted that, during the AAA arbitration, testimony established that Story was not a customer. However, the next day, the FINRA panel submitted its decision denying the motion to dismiss with prejudice and without further explanation.

Niekamp alleges that the FINRA action is still pending and that Story refuses to dismiss the action. Niekamp thus filed this action on October 3, 2023, seeking a declaration of his rights regarding defendant Story and the FINRA action. Specifically, plaintiff Niekamp seeks a declaration that he need not arbitrate defendant's claims set forth in the FINRA action and that FINRA has no jurisdiction over plaintiff to render any award adjudicating any claims defendant has made or may make against plaintiff in the FINRA action.

3

Plaintiff Niekamp has thus filed a motion for preliminary and permanent injunction [Doc. 12]. Defendant Story filed a motion to dismiss [Doc. 23]. Because the motion to dismiss challenges this Court's subject matter jurisdiction, the Court will address that motion first.

**II.   Motion to Dismiss**

Defendant Story has moved to dismiss for lack of subject matter jurisdiction, apparently pursuant to Federal Rule of Civil Procedure 12(b)(1). The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). *Vankempen v. McDonnell Douglas Corp.,* 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing *Satz v. ITT Fin. Corp.,* 619 F.2d 738, 742 (8th Cir. 1980).

Plaintiff's complaint states only that "venue and jurisdiction are proper in this Court because there exists a substantial question of federal law." [Doc. 1 at ¶ 3.] "Federal question jurisdiction" grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

"[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' " *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal question jurisdiction exists if the well-pleaded complaint establishes either that

4

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citation and quotation marks omitted); *see also Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016).

Again, plaintiff's specific basis for jurisdiction is unstated in his complaint.  In his briefing, plaintiff states that this Court has federal subject matter jurisdiction because it is provided for by the Securities Exchange Act.  The Act provides district courts with "exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder."  15 U.S.C.  § 78aa(a). Plaintiff contends that the Act requires FINRA to comply with the Exchange Act and FINRA's own rules, 15 U.S.C. § 78s(g)(1), and that federal question jurisdiction thus exists.  However, plaintiff mentions neither the Securities Exchange Act nor FINRA's rules in his complaint.  Nor does plaintiff identify how the Act or the rules were violated. Plaintiff therefore does not establish federal question jurisdiction on the face of his complaint.

Plaintiff seeks leave to amend his complaint in the event this Court determines the defendant's motion to dismiss should be granted.  Such leave shall be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [Doc. 23] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request for leave to amend his complaint is GRANTED, and he shall have until March 27, 2024 by which to file an amended complaint in this matter.

**IT IS FINALLY ORDERED** the plaintiff's motion for preliminary injunction [Doc. 12] is **DENIED** as moot and without prejudice to refiling subsequent to plaintiff's filing of an amended complaint.

Dated this  23rd  day of February, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE